**Marion NADEAU**

v.

**CITY OF SOUTH PORTLAND et al.**

Supreme Judicial Court of Maine.

Argued Nov. 17, 1980.

Decided Jan. 22, 1981.

---

Thompson, Willard & McNaboe, David M. Hirshon (orally), Thomas R. McNaboe, Neal K. Stillman, Portland, for plaintiff.

Norman & Hanson, Mark G. Lavoie (orally), Peter J. DeTroy, III, Portland, for defendants.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN, ROBERTS and CARTER, JJ.

PER CURIAM.

The Superior Court (Cumberland County) has presented this case to us on Report, pursuant to Rule 72(c) M.R.Civ.P. which is entitled "Report of Interlocutory Rulings."

We discharge the Report as improvident.

Frank Nadeau, a mentally retarded minor, was injured on January 27, 1978 at a construction site in the City of South Portland where a construction contractor, under contract with the City, was installing a sewer line. More than twenty-two months later, on December 3, 1979, an attorney gave written notice to the City that Frank Nadeau had a tort claim against it for personal injury. Nine days thereafter, Marion Nadeau, as the next friend of her son Frank, commenced a civil action against the City, alleging that its negligence caused Frank's injuries. The City moved to dismiss the action on the ground of plaintiff's failure to comply with the notice requirements set forth in Section 8107(1)[1] of the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101 et seq.

After a hearing, at which the presiding justice considered not only plaintiff's complaint but also affidavits and various exhibits, the justice denied the motion to dismiss.

Upon motion by defendant City, the justice subsequently determined to order the instant interlocutory Report to this Court. In his order of report the justice said that he deemed an interlocutory Report "appropriate" because he knew of "conflicting decisions . . . [by] the Superior Court as to the proper interpretation of 14 M.R.S.A. § 8107."

Notwithstanding the reason the justice assigned for ordering this Report, we must discharge it.

■ The basis of the justice's decision refusing to hold plaintiff's action barred for non-compliance with Section 8107(1) was his conclusion that circumstances were present which "indicate[d] . . . good cause . . . why notice was not given within the 180 day period." The justice, however, offered no explanation of his conception of the meaning of "good cause" as used in Section 8107(1), thus to crystallize, and identify, a genuine issue of law to be decided.

Determinations as to the presence or absence of "good cause", in one statutory context or another, generally tend to be so interlaced with factual threadings that only rarely will appellate review unravel from the factual threads a specific question of law relating to statutory interpretation. Rather, in such cases the appellate decision usually will focus upon whether the lower court's determination was "clearly erroneous", either in its findings of fact or in its ultimate conclusion that the facts as found did, or did not, constitute "good cause."

■ The instant case, in our view, presents such a typical fact-oriented "good cause" situation. We discern, here, no realistic opportunity to decide, as a question of law, that the "good cause" excuse in Sec-

1. As pertinent, here, Section 8107(1) provides: "Within 180 days after a cause of action against a governmental entity accrues, or at a later time within the limits of section 8110, when a claimant shows good cause why notice could not have reasonably been filed within the 180-day limit, a claimant or his personal representative shall file a written notice . . . [of claim]."

tion 8107(1) connotes some specific legal meaning which the presiding justice correctly, or erroneously, apprehended—thereby to provide the Superior Court an authoritative interpretation of Section 8107(1).[2]

The entry shall be:

Report discharged; case remanded to the Superior Court for further proceedings.

All concurring.

---

**2.** Plaintiff's complaint alleged compliance with Section 8107(1). Denying this allegation in its answer, defendant asserted failure to comply with Section 8107(1) as a ground of its motion to dismiss and also asserted the noncompliance with Section 8107(1) as an affirmative defense. Without intimating any opinion as to whether noncompliance with Section 8107(1) may ordinarily be asserted by a motion to dismiss, we note that, here, the pleadings raised factual

issues that could not be resolved on such a motion. Moreover, we intimate no opinion as to whether Section 8107(1) may ever bar the claim of a plaintiff who is under a disability. *Cf.* 14 M.R.S.A. § 853.