Dana FAUCHER

v.

CITY OF AUBURN.*

Supreme Judicial Court of Maine.

Argued May 10, 1983.
Decided Sept. 29, 1983.

---

\* We change the title of the case from City of Auburn School Department to the City of Auburn. The appropriate defendant in a suit of this nature is the City of Auburn. This is a case of misnaming the defendant rather than joining the wrong party defendant. Service of process was made upon the City of Auburn by delivering a copy of the summons and complaint to the clerk.

Charles H. Veilleux (orally), Skowhegan, for plaintiff.

William W. Willard, Jeffrey T. Shedd (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for defendant.

Before McKUSICK, C.J., and GODFREY,** NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ.

VIOLETTE, Justice.

Dana Faucher, a minor, appeals from a Superior Court, Androscoggin County dismissal of his Maine Tort Claims Act (MTCA) suit against the Auburn School Department. Faucher argues that the presiding justice erred in concluding that Faucher had failed to comply with 14 M.R.S.A. § 8107,[1] the notice provision of the MTCA. We affirm the Superior Court judgment.

** GODFREY, J., sat at oral argument and participated in the initial conference but retired before this opinion was adopted.

1. The section reads, in pertinent part:

*Notice to governmental entity*

1. *Notice requirements for filing.* Within 180 days after a cause of action against a governmental entity accrues, or at a later time within the limits of section 8110, *when a claimant shows good cause why notice could not have reasonably been filed within the 180-day limit,* a claimant or his personal representative shall file a written notice containing:

A. The name and address of the claimant, and the name and address of his attorney or other representative, if any;

B. A concise statement of the basis of the claim, including the date, time, place and circumstances of the act, omission or occurrence complained of;

C. The name and address of any governmental employee involved, if known;

D. A concise statement of the nature and extent of the injury claimed to have been suffered; and

## I.

On January 23, 1980, Faucher, then eleven years old, slipped and fell on an outside stairway in a public schoolyard in Auburn. His mother was notified of the fall by a teacher and, the following day, his mother phoned that teacher to tell her the extent of Faucher's injuries. About three weeks later, Faucher's mother went to the school and told the principal and the teacher that Faucher would be unable to return immediately to school.

On January 23, 1981, Faucher, through counsel, sent a Notice of Claim to the Auburn School Department which stated as the basis of his claim that the outside stairway he slipped on "was not properly maintained free of ice and snow." On January 20, 1982, Faucher filed this action against the School Department. The presiding justice, finding no substantial compliance with the MTCA's notice of claim requirements and no good cause for not filing that notice, granted defendant's motion for summary judgment and dismissed the complaint.[2]

On appeal, Faucher raises three issues: (1) whether his mother's discussions with his teacher and principal constituted "substantial compliance" with § 8107; (2)

whether his minority constituted "good cause" for failing to comply with § 8107; and (3) whether construing the MTCA to bar his claim violates his equal protection rights under the Maine and United States Constitutions.

## II.

Section 8107(1) of the MTCA requires that a claimant against a governmental entity file a notice of claim with the entity within 180 days after the cause of action accrues unless the claimant can show good cause why the notice could not have reasonably been filed within the 180 days. *Erickson v. State*, 444 A.2d 345 (Me.1982). Subsections A through E of section 8107(1) sets forth the specific requirements of this notice.

Section 8107(4) of the MTCA provides that "no claims or action shall be commenced . . . unless the . . . notice provisions are substantially complied with". The plaintiff contends that his mother's oral notification to the teacher and the principal of the school of the nature and extent of his injuries constituted substantial compliance.[3] The plaintiff's notice is deficient in three respects: it was oral, it was not addressed

E. A statement of the amount of monetary damages claimed.

2. *Incapacity.* If the claimant is incapacitated and thereby prevented from presenting and filing the claim within the time prescribed or if the claimant is a minor, the claim may be presented and filed on behalf of the claimant by any relative, attorney or agent representing the claimant.

3. *Notices.*

. . . .

B. Notice of claims against any political subdivision or an employee thereof shall be addressed to and filed with one of the persons upon whom a summons and complaint could be served under the Maine Rules of Civil Procedure, Rule 4, in a civil action against a political subdivision.

4. *Substantial notice compliance required.* No claim or action shall be commenced against a governmental entity or employee in the Superior Court *unless the foregoing notice provisions are substantially complied with.* A claim filed under this section shall not be held invalid or insufficient by reason of an inaccuracy in stating the time, place,

nature or cause of the claim, or otherwise, unless it is shown that the governmental entity was in fact prejudiced thereby. A claim filed under this section shall not be held invalid solely because a claim based on the same facts was filed under a different statutory procedure and was disallowed. (Emphasis added.)

2. The complaint also charged that Faucher's teacher, an alleged agent of the School Department, was at fault for improperly supervising the students using the stairway. A summary judgment granted as to this allegation was not appealed.

3. Plaintiff does not challenge the Law Court's conclusion in *Erickson v. State*, 444 A.2d 345, 349 (Me.1982), that the "substantial compliance" provision has no application to notice filed *after* the 180 day claim period in § 8107(1). Plaintiff thus does not contend that the notice filed one year after the accident constituted substantial compliance. *Cf. id.* at 351–52 (Roberts, J., dissenting).

to the proper person, and it did not give notice that a claim for damages was being made.

■ The issue of substantial compliance must be addressed in two stages. First, it must be determined whether the error(s) in plaintiff's notice constitutes merely "inaccuracies" which do not impair substantial compliance or whether the error(s) are more fundamental. If the former, the governmental entity must show prejudice of a nature sufficient to bar the claim; if the latter, the notice may be held invalid. 14 M.R.S.A. § 8107(4).

The MTCA specifically requires that notice to the governmental entity shall be a written notice. 14 M.R.S.A. § 8107(1). The trial court found that "an oral notice is more than a defect in form and does not constitute substantial compliance within the meaning of the statute." The court reasoned that "[I]n order to properly investigate and evaluate [claims] for purposes of defense or settlement in an organized fashion, something more than oral statements, which are susceptible of distortion when passed on by the original recipient of the oral report to those in authority to act upon them, is required." The issue of the acceptability of oral notice was pointed out but not decided in *Erickson,* 444 A.2d at 350. We find the reasoning of the trial court persuasive; nevertheless, we need not, on the facts of this case, decide whether an oral notice is, per se, a fatal failure to comply with the requirements of section 8107.

■ Second, the MTCA requires that notice be "filed with one of the persons upon whom a summons and complaint could be served under the Maine Rules of Civil Procedure, Rule 4, in a civil action against a political subdivision. 14 M.R.S.A. § 8107(3). Rule 4 provides that service of a summons and complaint upon a city shall be made upon the clerk, treasurer or manager. M.R. Civ.P. 4(d)(6). Notifying a teacher and the principal of the city school where the plaintiff was injured, particularly an oral notice, is clearly not in compliance with the stat-

ute. The requirement that the notice be given to the city official set forth in Rule 4 is to assure that the notice will be received by an official having authority to deal with plaintiff's claim or that the official receiving the notice is one charged with the duty of transmitting the notice to the proper officials.

Third, while plaintiff's mother orally informed his teacher and the school principal of plaintiff's accident and injuries sustained, she did not inform either of them that she was making a claim on behalf of her son. Section 8107(1)(E) provides that the notice shall contain "[A] statement of the amount of monetary damages claimed". Mere notice of injuries without notice that the claimant intends to seek monetary damages could lull the governmental entity into a false sense of security and cause it to fail to take essential action to determine the extent of its liabilities.

■ The general purposes of notice requirement are to save needless expense and litigation by providing an opportunity for amicable resolution of disputes, and to allow the defendant to fully investigate claims and defenses. *Erickson,* 444 A.2d 349–50. *See Dougherty v. Oliviero,* 427 A.2d 487, 489 (Me.1981) (notice provision of Maine Health Security Act); *Dunton v. Eastern Fine Paper Co.,* 423 A.2d 512, 518 (Me.1980) (notice provision of Worker's Compensation Act).

■ We conclude that the three deficiencies previously pointed out and discussed, taken together, result in a notice suffering from more than the type of inaccuracies mentioned in § 8107(4) but, instead, result in a failure of substantial compliance with the notice requirements of the statute. Plaintiff's notice was wholly inadequate to put the City of Auburn on notice of a claim. *See Erickson,* 444 A.2d at 349–50.

### III.

Plaintiff next contends that the mere fact of his minority constituted "good cause" for not filing his notice of claim in

compliance with the notice requirement of the statute. The Legislature provided, in § 8107(1), that the 180-day Notice of Claim period could be extended to "a later time within the limits of section 8110 [the MTCA two year statute of limitations] when a claimant shows good cause why notice could not have reasonably been filed within the 180-day limit. We cannot agree with Faucher that his minority, per se, constituted such "good cause".

■ The statutory reformulation of the doctrine of sovereign immunity provides that all governmental entities shall be immune from suit "[e]xcept as otherwise expressly provided by statute." 14 M.R.S.A. § 8103 (1980). Plaintiff's claim, therefore, rests solely upon statutory authority and must comply with those conditions imposed by statute. The MTCA provides no support for plaintiff's argument. Although § 8107(2) specifically speaks of filing a claim rather than a notice of claim, this subsection is part of § 8107 which deals exclusively with giving notice of claim to the governmental entity. Section 8107(2) does distinguish between "incapacity" and "minority":

> If the claimant is incapacitated and thereby prevented from presenting and filing [a] claim within the time prescribed or if the claimant is a minor, the claim may be presented and filed on behalf of the claimant by any relative, attorney or agent representing the claimant.

That provision suggests that the Legislature did not view minority as incapacitating a claimant from giving notice. It reflects a judgment made by the Legislature that, in balancing the competing equities involved in the case of a minor claimant seeking damages from a governmental entity, it would be sufficient protection of a minor's rights to provide that others may file the notice of claim on his behalf. *See Independent School District of Boise City v. Callister,* 97 Idaho 59, 62, 539 P.2d 987, 990 (1975).

■ It is a fundamental rule of statutory construction that in order to determine the legislative intent in relation to a particular section of a comprehensive statute, courts should consider the statutory scheme in its entirety. *Freeport Minerals Company v. Inhabitants of the Town of Bucksport,* 437 A.2d 642, 644 (Me.1981). It should be our goal to interpret a statute "so that all of its provisions are read in harmony and are effectuated." *Seven Islands Land Company v. Maine Land Use Regulation Commission,* 450 A.2d 475, 480 (Me.1982). The MTCA has a two year statute of limitations and does not contain a tolling provision. 14 M.R.S.A. § 8110. 14 M.R.S.A. § 853 does toll several statutes of limitations during minority; the MTCA's limitations period is not included in that list. Further, the "good cause" provision applies only to the notice period and not to the statute of limitations. It would make little sense to interpret the statute as permitting waiver of the notice requirement for a minor while still requiring the minor (potentially) to bring suit during his minority.

■ There is no evidence here that the plaintiff could not have filed the notice. His mother's unfamiliarity with the law, not the plaintiff's minority, was responsible for the improper notice. This does not constitute good cause. *See Erickson,* 444 A.2d at 350. We do not suggest that the fact of minority cannot have a bearing on the determination of "good cause". It is possible that, in an appropriate case, it could be factually shown that a claimant's minority renders both him and those who, under the Act could file a claim on his behalf, both incapable of complying with the requirements of section 8107(1). This is not the case.

IV.

Lastly, plaintiff contends that, as a minor, he was incapable of filing a notice of claim on his own and that the dismissal of his complaint for such failure deprives him of equal protection under the Maine and United States constitutions. Plaintiff cites no authority or precedent for this position. Even overlooking the possibility that plaintiff as a minor could, in fact, file his own

notice of claim, he does not contend that he could not file such notice through his mother or one of the other persons set forth in § 8107(2). Plaintiff's argument thus amounts to a contention that he was denied equal protection because, as a minor, he was required to file his notice of claim through one of the persons named in the statute, while those of legal age could file their own notices of claim.

Age is not a suspect classification, 16A Am.Jur.2nd, *Constitutional Law* § 750; *Cf. State v. Wilson,* 409 A.2d 226, 227–28 (Me.1979). Therefore, the legislative scheme should be upheld if it bears some rational relationship to the conceivable legitimate state interest or purpose. All persons were barred by common law doctrine from bringing any tort claims against governmental entities prior to the enactment of the Maine Tort Claims Act. The MTCA is a limited waiver of governmental immunity. In enacting such a limited waiver of immunity, it appears to us rational for the state to limit actions to those instances where the governmental entity is given reasonably early notice of the claim. The notice provision can be said to be rationally designed to minimize the undue burden on the public entity brought by late filed claims which increase the cost of litigation and reduce the likelihood of settlement by making the full investigation of a claim a difficult, time and money consuming process. *See Erickson,* 444 A.2d at 349–50. In furtherance of the state's legitimate interest that those seeking to recover for torts against the governmental entity shall give timely notice

of such claims, we conclude that it is not irrational for the state to require that, when a claimant is a minor, such minor either filed the notice himself or that "any relative, attorney or agent representing the claimant" do so for him. We find no constitutional infirmity in this case.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.

ROBERTS, Justice, concurring.

I concur in the result reached by the Court despite the absence of any showing of prejudice to the City of Auburn due to Faucher's failure to comply with the 180 day notice provision. I have previously expressed concern about such an application of Section 8107(1) of the MTCA. *Erickson v. State,* 444 A.2d 345, 351–52 (Me.1982) (Roberts, J., dissenting); *see also Taylor v. Hill,* 464 A.2d 938, at 946 (Me.1983) (Roberts, J., dissenting in part). In this instance, however, the Court's prior holdings in *Erickson* and in *Nadeau v. City of South Portland,* 424 A.2d 715 (Me.1981), require that we affirm the dismissal of Faucher's complaint.