**Wayne T. MITCHELL**

v.

**Michael K. SCRIPTURE and City of Bangor.**

Supreme Judicial Court of Maine.

Argued Nov. 17, 1983.

Decided April 17, 1984.

Stern & Goldsmith, J. Hilary Billings; Marshall A. Stern, Bangor, Tureen & Margolin, Thomas N. Tureen, Barry A. Margolin (orally), Neil T. Leifer, Portland, for plaintiff.

Preti, Flaherty & Beliveau, Jonathan S. Piper (orally), John J. Flaherty, John P. Doyle, Portland, Robert E. Miller, Bangor, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

PER CURIAM.

This case was reported to us pursuant to M.R.Civ.P. 72(c) upon the defendants' motion after the Superior Court denied their motion to dismiss for failure to comply with the notice provisions of the Maine

Tort Claims Act. We discharge the report as improvident.

Wayne T. Mitchell commenced this action against Michael K. Scripture, a Bangor police officer, and the City of Bangor for injuries received by Mitchell when his car collided with a police car driven by Scripture. The defendants' answer asserted as an affirmative defense that Mitchell's claim is barred as a result of his failure to file a notice of claim within 180 days of the accident, citing 14 M.R.S.A. § 8107. Thereafter, the defendants filed a motion to dismiss based upon the plaintiff's noncompliance with the notice requirement. After hearing, the court denied the motion to dismiss by its order dated September 17, 1982. The defendants moved to report that interlocutory ruling on March 8, 1983. The court granted the motion over Mitchell's objection. Declaring that its ruling involved a "jurisdictional issue ... important to the public and sufficiently doubtful," the court ordered on May 4, 1983, that the action be reported to the Law Court.

 Regardless of the determination by the trial court, we must evaluate each case to determine whether the report was appropriate and whether our entertaining the matter would be consistent with our appellate function. *Matheson v. Bangor Publishing Co.*, 414 A.2d 1203 (Me.1980); *see also* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 72.6 at 417 (2d ed. Supp. 1981). We have previously found the absence of a necessary factual determination to preclude the identification and crystallization of a genuine issue of law to be decided on report. *Nadeau v. City of South Portland*, 424 A.2d 715 (Me.1981). The record in this case is similarly inadequate. We need not again analyze the prudential considerations that lead us to refrain from addressing the questions presented in the report. *See Matheson, supra; State v. Placzek*, 380 A.2d 1010 (Me.1977).

The entry is:

Report discharged.

Case remanded to the Superior Court for further proceedings.

All concurring.