## Gerald LANGEVIN

v.

## CITY OF BIDDEFORD, et al.

Supreme Judicial Court of Maine.

Argued June 6, 1984.

Decided Sept. 4, 1984.

evidence that the Defendant actually was in shock.

Smith & Elliott, P.A., Robert H. Furbish (orally), Saco, for plaintiff.

Hewes, Culley & Beals, James B. Haines, Jr. (orally), Martica F. Sawin, Portland, for City of Biddeford and Norman Parisien.

Berman, Simmons & Goldberg, P.A., Paul F. Macri (orally), John E. Sedgewick, Lewiston, for Donald Berthiaume.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Plaintiff Gerald Langevin appeals from an order of the Superior Court (York County) granting summary judgment in favor of the City of Biddeford and two of its employees. The court ruled that plaintiff's claim was barred by his failure to serve a written notice of claim as required by 14 M.R.S.A. § 8107 (1980) and for failure to commence suit within the two-year limitations period specified in 14 M.R.S.A. § 8110 (1980). Plaintiff challenges these two procedural requirements of the Maine Tort Claims Act as violative of the equal protection and due process guarantees of both the Maine and the United States constitutions. Although we find no constitutional infirmity on the face of the statute, there exists a genuine issue of fact material to determining whether these provisions constitute a denial of due process as applied to this particular plaintiff. We conclude, therefore, that the Superior Court erred in granting summary judgment, and we sustain the appeal.

## I.

The facts as revealed by the pleadings and affidavits may be summarized as follows: In 1977, plaintiff, a 14 year old student at Biddeford High School, was injured while participating in a "try-out" for the freshman football team. After running a sprint drill, he put his arm through the

glass in a gymnasium door. The glass in the door shattered, causing him severe injuries. Plaintiff's mother met with the school superintendent and the high school principal approximately one month after the incident. She informed the superintendent of a friend's suggestion that she consider bringing suit against the city, but she did not indicate whether she planned to follow that advice. Although plaintiff requested that she bring suit, she declined to take any legal action on his behalf and told him he could commence suit himself when he reached majority. In accordance with school policy, a detailed report of the accident was prepared and then destroyed three years later.

Plaintiff obtained counsel after his eighteenth birthday occurred on March 8, 1981, and a notice of claim was served on the City of Biddeford on August 28, 1981. On December 28, 1982—more than five years after the accident—plaintiff filed the present complaint against the City of Biddeford, football coaches Donald Berthiaume and Norman Parisien, the architectural firm that designed the school gymnasium and the general contractor who built it. The City of Biddeford and the two football coaches filed motions for summary judgment, asserting that plaintiff's claim was barred by his failure to comply with the notice requirement ˚and the limitations period set forth in the Maine Tort Claims Act, 14 M.R.S.A. §§ 8107, 8110 (1980). The Superior Court granted summary judgment in favor of defendants and ordered entry of a final judgment pursuant to M.R.Civ.P. 54(b). Plaintiff appeals.

## II.

■ The Maine Tort Claims Act requires a claimant against a governmental entity to file a notice of claim with the entity within 180 days after the cause of action accrues.[1] 14 M.R.S.A. § 8107. In addition, the act bars any action against the entity or its employees unless brought within two years after the cause of action accrues. *Id.* § 8110. It is significant to note that neither section of the statute contains any tolling provision for claimants who have not attained their majority. Section 8107(2) specifically recognizes the possibility of a claim by a minor and provides that in those circumstances the notice of claim may be filed on his behalf "by any relative, attorney or agent representing the claimant."

Plaintiff's appeal constitutes an attack on the facial validity of the notice of claim and limitation provisions of the act. He argues that the two provisions constitute a denial of due process and equal protection because more stringent procedural requirements are imposed on claimants against governmental entities than are applied in actions between private parties. He also challenges the constitutionality of these portions of the act as applied to minors given the absence of any tolling provision. Essentially, plaintiff argues that the legislature has afforded protection to governmental tortfeasors which is not rationally related to any legitimate state policy or interest.[2] Recently this Court upheld the notice of claim requirement against a similar equal protection challenge brought by a minor. In *Faucher v. City of Auburn*, 465 A.2d 1120, 1125 (Me.1983), we held that the notice provision is rationally related to a legitimate state interest of "minimiz[ing] the undue burden on the public entity brought by late filed claims which increase the cost of litigation and reduce the likeli-

---

1. Plaintiff does not argue that he was not required to serve a notice of claim on the two employees named as defendants.

2. In addition to arguing that these provisions fail the minimum rationality test under the equal protection and due process clauses, the plaintiff contends that the Court should apply strict scrutiny because the provisions of the statute impinge on the fundamental right of plain-

tiffs to litigate their claims pursuant to article I, § 19 of the Maine Constitution. Contrary to plaintiff's assertion, however, this constitutional provision has never been held to create such a fundamental right. Thus far it has been recognized as stating only the "general principle that there shall be no wrong without a remedy." *Black v. Solmitz,* 409 A.2d 634, 635 (Me.1979).

hood of settlement." We concluded, moreover, that in furtherance of the state's interest, it is not irrational to require a claimant who is a minor either to file the notice himself or to arrange for a relative, attorney or agent to do so for him. Accordingly, we determined that section 8107 is constitutional on its face and does not deprive minors as a class of equal protection of the laws.

Although we adhere to our position in *Faucher*,[3] we recognize that it does not resolve all issues concerning the constitutionality of the statute *as applied* to the plaintiff in the instant case. In *Faucher*, the plaintiff's mother attempted to give proper notice to the school officials within the requisite time period, but failed to do so properly. The mother of this plaintiff, in contrast, expressly refused to take any legal action on her son's behalf. There is no evidence in the record to indicate whether the plaintiff had access to an attorney, agent or other relative to serve notice for him, but his own parent's refusal to act at least raised a genuine issue of fact whether he was thereby deprived of any reasonable means of pursuing his claim against these defendants.

■ We recognized the possibility in *Faucher* that a minor plaintiff could establish good cause for noncompliance with the notice requirements where the circumstances indicated that both he, and those authorized to act for him, were rendered incapable of complying. 465 A.2d at 1124. The same concern arises in the present case. If this plaintiff had no reasonable means of serving a notice of claim, then section 8107

as applied to him constitutes a denial of due process.[4] This unresolved issue of fact prohibits the entry of summary judgment on the grounds of lack of notice.

■ With respect to the statute of limitations, plaintiff contends that this provision is subject to the same facial defects as the notice of claim provision. He argues that there is no rational basis for imposing a shorter period of limitations on those with claims against a governmental entity, and that the absence of a tolling provision for minors renders the statute *per se* unconstitutional. We disagree. Statutes of limitations are designed to provide eventual repose for potential defendants and to avoid the necessity of defending stale claims. "They are by definition arbitrary." *Myrick v. James*, 444 A.2d 987, 995 (Me. 1982) (quoting *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945)). The legislature in this instance could well have determined that in moving from total to partial immunity a shorter period of limitation for tort claims against governmental entities was justified in order to preserve the integrity of the public treasury and to assure the availability of affordable insurance. Such policy considerations adequately support the classification challenged by the plaintiff. *See State v. S.S. Kresge, Inc.*, 364 A.2d 868, 872 (Me.1976) (legislature has broad discretion to enact laws which affect different groups of citizens differently, provided classification does not

3. We recognize that there is a split of authority among other jurisdictions and that the appellate tribunal in at least four states has found similar notice of claim provisions to be facially unconstitutional. *Reich v. State Highway Dept.*, 386 Mich. 617, 194 N.W.2d 700 (1972); *Turner v. Staggs*, 89 Nev. 230, 510 P.2d 879 (1973), *cert. denied* 414 U.S. 1079, 94 S.Ct. 598, 38 L.Ed.2d 486; *Hunter v. North Mason High School*, 85 Wash.2d 810, 539 P.2d 845 (1975); *O'Neil and Hendrickson v. City of Parkersburg*, 160 W.Va. 694, 237 S.E.2d 504 (1977). In reaffirming *Faucher*, however, we align ourselves with the majority of state courts that have upheld such

notice provisions. *See* Annot. 59 A.L.R.3d 93 §§ 5[a], 8, 9[a] (1974).

4. *See, e.g., Shearer v. Perry Community School District*, 236 N.W.2d 688 (Iowa 1975) (acknowledging that it would be difficult to uphold a notice of claim requirement as applied to a minor who could show that statute operated unreasonably in his situation); *Ocampo v. Racine*, 28 Wis.2d 506, 137 N.W.2d 477 (1965) (legislative conditions on right to sue governmental entities unreasonable if compliance by minor almost impossible).

rest on grounds wholly irrelevant to achievement of its objectives).[5]

■■■ The absence of a tolling provision for minors does not render section 8110 unconstitutional *per se.* Although the statute does not specify who is authorized to commence suit on behalf of a minor claimant, general provisions of law permit a minor to bring suit by his next friend or by a guardian ad litem. M.R.Civ.P. 17(b). Since the Tort Claims Act does not give minor claimants the option of waiting to commence suit until they reach majority, it is essential that they have access to an attorney or relative to file suit on their behalf.[6] All statutes of limitations "must proceed on the idea that a party has full opportunity afforded him to try his right in the courts." *Wilson v. Iseminger,* 185 U.S. 55, 62, 22 S.Ct. 573, 575, 46 L.Ed. 804 (1901). Thus, even though we find the two-year limitations period in section 8110 to be reasonable and therefore constitutional on its face, the same genuine issue of material fact that arises in the context of evaluating the notice requirement is also relevant in determining whether section 8110 constitutes a denial of due process as applied to this plaintiff. The question left to be resolved in both instances is whether the mother's refusal to take legal action deprived plaintiff of any reasonable means of exercising his right to seek recovery for an injury allegedly caused by a governmental entity or its employees. That factual determination must be made by the Superior Court on remand.

Accordingly, the entry must be:

Judgment vacated.

Remanded for proceedings consistent with the opinion herein.

All concurring.

---

5. We reject plaintiff's alternative argument that his mother's conversation with school officials after the incident constituted substantial compliance with the notice requirement under section 8107(4) and that, as a result, the statute of limitations in section 8110 should not apply. *See Faucher v. City of Auburn,* 465 A.2d 1120, 1123 (Me.1983) (no substantial compliance where alleged notice was oral, was not addressed to the proper person and did not give

---

adequate notice that a claim for damages was being sought).

6. The statutes of limitations for all other types of civil actions are tolled during minority, *see* 14 M.R.S.A. § 853 (1980), thereby permitting minor claimants to commence suit on their own after reaching majority.