Mathew **MARTIN**, a minor, By and Through his next friend, Maureen **MARTIN**

v.

**CITY OF BIDDEFORD et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 17, 1990.

Decided Jan. 22, 1990.

Thomas Van Houten, Wood & Van Houten, Sanford, for plaintiff.

Melissa A. Hewey, Drummond, Woodsum, Plimpon & MacMahon, Portland, for defendants.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN,
HORNBY and COLLINS, JJ.

McKUSICK, Chief Justice.

Mathew Martin, by and through his mother Maureen Martin, appeals from an order of the Superior Court (York County, *Perkins, J.*) granting the summary judgment motion of defendants City of Biddeford, Biddeford Public Schools, and John Narsiff, and dismissing Mathew's complaint for failure to give timely notice of claim under the Maine Tort Claims Act, 14 M.R.S.A. § 8107 (1980 & Supp.1989).[1] We reject Mathew's contention that "good cause" prevented him from filing notice of his claim within the 180–day period prescribed by the Maine Tort Claims Act, 14 M.R.S.A. § 8107 (1980 & Supp.1989)[2] and affirm the judgment.

██ In October 1986 Mathew told his mother that he was the victim of improper sexual acts by Ernest Spenard, his fifth-grade teacher. Mathew's mother immediately reported the matter to John Narsiff, the school principal. Mathew was later interviewed by the York County District Attorney's office and by social workers. Neither Mathew nor his mother filed any notice of claim, however, until June 29, 1988, when notice was served upon defen-

1. The complaint alleged that defendants were negligent in failing to supervise Ernest Spenard, Mathew's fifth-grade teacher, who was convicted of committing unlawful sexual contact upon Mathew. Spenard, who was also named as a defendant in this complaint in his capacity as a municipal employee, filed an answer and individually requested its dismissal. The court dismissed the complaint with regard to Spenard when it dismissed the complaint with regard to the other defendants. *See Gardner v. City of Biddeford,* 565 A.2d 329 (Me.1989) (a related case).

Both defendants' motion and the court's order erroneously speak of "lack of subject matter jurisdiction" as the ground for the dismissal. The Superior Court clearly possesses subject matter jurisdiction over actions under the Maine Tort Claims Act. Nevertheless, in this case the court correctly dismissed the complaint because of Mathew's failure to comply with the notice provisions of the Act.

2. 14 M.R.S.A. § 8107 (1980 & Supp.1989) provides in pertinent part:

1. **Notice requirements for filing.** Within 180 days after any claim or cause of action permitted by this chapter accrues, or at a later time within the limits of section 8110 [two-year statute of limitations on actions], when a claimant shows good cause why notice could not have reasonably been filed within the 180–day limit, a claimant or a claimant's personal representative shall file a written notice. . . .

4. **Substantial notice compliance required.** No claim or action shall be commenced against a governmental entity or employee in the Superior Court unless the foregoing notice provisions are substantially complied with.

dants. The Superior Court entered summary judgment dismissing Mathew's subsequent action, finding that Mathew raised no issue of fact that his failure to file timely notice could be excused for good cause under section 8107(1).

 Mathew's contentions remain unchanged on this appeal. His argument that his minority *per se* constitutes good cause has previously been rejected by this court, *see Faucher v. City of Auburn,* 465 A.2d 1120, 1124 (Me.1983), and Mathew shows no specific factual circumstances that rendered both him and his mother incapable of filing timely notice. This court has interpreted good cause to pertain only to inability to file the claim, *see Langevin v. City of Biddeford,* 481 A.2d 495, 498 (Me.1984), and not, as Mathew contends, to ignorance of the existence of the claim or of the obligation to file it in a timely manner, *see Gardner v. City of Biddeford,* 565 A.2d 329, 330 (Me.1989) (a case arising out of the same factual context as the case at bar); *Faucher v. City of Auburn,* 465 A.2d at 1124; *Erickson v. State,* 444 A.2d 345, 350 (Me.1982). Neither Mathew's mistaken belief that the District Attorney was acting on his behalf, nor his ignorance of his rights and duties under the Act, constitutes good cause excusing him from filing timely notice of his claim.

Because the claim was barred by section 8107(4), this complaint was appropriately dismissed.

The entry is:

Judgment affirmed.

All concurring.