**Regis McNICHOLAS, Jr.**

v.

**Stephan BICKFORD et al.**

Supreme Judicial Court of Maine.

Argued June 15, 1992.
Decided Aug. 26, 1992.

---

7. *See* 14 M.R.S.A. §§ 5951–5963 (1980); 30–A M.R.S.A. § 2691(3)(G) (Pamph.1991); M.R.Civ.P. 80B.

Mark L. Randall (orally), Daniel G. Lilley, P.A., Portland, for plaintiff.

W. John Wipfler (orally), Asst. Atty. Gen., Augusta, for defendant Bickford.

Steven Mogul (orally), Gross, Minsky, Mogul & Singal, P.A., Bangor, for defendant Lamoreau.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

GLASSMAN, Justice.

The defendants, Stephan Bickford, a caseworker for the Department of Human Services (DHS), and Bryan T. Lamoreau, a deputy sheriff for Kennebec County, appeal, and the plaintiff, Regis McNicholas, Jr., cross-appeals from the orders of the Superior Court (Kennebec County, Chandler, J.), denying in part and granting in part the defendants' motions for summary judgments on McNicholas's complaint.[1] Because we agree with the defendants that the trial court erred in determining there was a genuine issue as to the material fact of whether McNicholas had good cause for not serving notice on the defendants within the 180-day period provided by 14 M.R.S.A. § 8107 (1980 & Supp.1991) and affirm the trial court's grant of summary judgments to the defendants on McNicholas's claim against them pursuant to 42 U.S.C.A. § 1983 (1981),[2] we need not address the

---

1. Also named as parties defendant in McNicholas's complaint were the Department of Human Services and Kennebec County. The court held that the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118 (1980 & Supp.1991), provided these governmental entities with immunity from the negligence claim and granted their motions for summary judgment on that ground.

2. Section 1983 provides, in pertinent part:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of

other contentions of the parties. Accordingly, we vacate the orders denying summary judgments to Bickford and Lamoreau and affirm the remainder of the judgments.

## I.

The record reveals the following: The plaintiff was born August 28, 1970. By a court order dated July 6, 1983, it was provided that pending the termination of the divorce action between his parents, plaintiff and his four sisters would reside with their mother. On January 27, 1984, in response to a call received by the DHS from the plaintiff's mother regarding the possible sexual abuse of one of her daughters, Bickford and Lamoreau, accompanied by a victim witness advocate, visited the McNicholas home to interview the children. During this investigation, one of the daughters stated that she had been sexually abused by the plaintiff. Both Bickford and Lamoreau interviewed the plaintiff about his sister's allegations. The plaintiff denied the allegations and refused the offer of a polygraph test. At the insistence of Bickford and Lamoreau, that night the plaintiff moved to a friend's house and remained there for six months while attending school. In the fall of 1985 the plaintiff returned to his mother's home. In the interim, the plaintiff had been interviewed by Bickford on a number of occasions. During the course of some of these interviews, Bickford used abusive language directed toward the plaintiff, advised the plaintiff that he risked possible criminal prosecution if he did not disclose the fact he had been sexually abused by his father and that the District Attorney was considering such prosecution. The plaintiff denied any sexual abuse by his father and continued to claim he was innocent of sexually assaulting his sister. On July 6, 1984, the plaintiff's mother signed a consent form allowing the DHS to provide emergency services to him. In September 1984,

the plaintiff's father was convicted of three counts of gross sexual misconduct involving the plaintiff's sisters, sentenced to nine years, all suspended, and placed on probation for a period of eight years. No criminal charges were ever brought against the plaintiff. The plaintiff participated in various therapy sessions, Outward Bound programs, and the programs of various treatment centers and was enrolled in the Hinckley School in Skowhegan throughout the academic year of 1984–1985.

The plaintiff remained in his mother's home for three-quarters of the 1985–1986 school year and then voluntarily moved to his father's home where he continued to live until he graduated from Portland High School in 1988. On June 16, 1986, a judgment was entered in the divorce proceedings between the plaintiff's parents that provided his parents share parental rights and responsibilities for him but that his primary physical residence would be with his father. The plaintiff denied that he had ever discussed with either parent the initiation of the present action.

On January 19, 1989, the plaintiff served a notice of claim against Lamoreau and Kennebec County. On February 2, 1989, he served a notice of claim against Bickford and the DHS. By his complaint filed February 15, 1989, the plaintiff sought, *inter alia*,[3] compensatory and punitive damages from the four defendants for injuries sustained by him as a result of their alleged negligent and reckless conduct in removing him from his mother's home and for a recovery pursuant to 42 U.S.C.A. § 1983. A motion for a summary judgment was filed by Lamoreau and Kennebec County, and a separate motion for a summary judgment was filed by Bickford and DHS. The defendants based their motions for a summary judgment on the plaintiff's claim of negligence and recklessness on the ground, *inter alia*, that McNicholas had

any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an ac-

tion at law, suit in equity, or other proper proceeding for redress.

**3.** Count II of McNicholas's complaint seeking a declaratory judgment is not at issue on this appeal.

failed to serve a notice of claim on the defendants within the 180–day period provided by 14 M.R.S.A. § 8107. The defendants' motions for a summary judgment as to the plaintiff's section 1983 claim were grounded on their claim that DHS and Kennebec County were immune from a suit pursuant to section 1983 and that the plaintiff had failed to set forth any claim against Bickford or Lamoreau that was cognizable under the provisions of that section.

After a separate hearing on each motion, the trial court held that there were genuine issues as to the material fact of whether the plaintiff had good cause for noncompliance with the time limitations for filing a claim against Bickford and Lamoreau and denied their motions for summary judgments. The court granted a summary judgment to all four defendants on the plaintiff's claim pursuant to 42 U.S.C.A. § 1983.

### II.

14 M.R.S.A. § 8107 [4] requires that a person alleging injury by a governmental employee must file a written notice of the claim containing the information required by that section within 180 days after the cause of action accrues. An injured party's cause of action accrues when the party suffers a judicially cognizable injury. *Sturgeon v. Marois Bros., Inc.,* 511 A.2d 1065, 1066 (Me.1986). That injury arises "when a wrongful act produces an injury for which the plaintiff is entitled to seek judicial vindication." *Myrick v. James,* 444 A.2d 987, 994 (Me.1982). In the instant case, the gravamen of the plaintiff's alleged injury is his removal from his mother's home in January 1984. The latest possible accrual date for that injury was the fall of 1985 when he was returned to his mother's home without restriction.

Although the statute contains no tolling provision for claimants who have not attained their majority, section 8107(2) specifically recognizes the possibility of a claim by a minor and provides that in such case the notice of claim may be filed on the minor's behalf "by any relative, attorney or agent representing the claimant." Section 8107 also provides a good cause exception to the requirement that notice be filed within 180 days of the injury. In order to invoke the exception of good cause, the plaintiff must establish that in some meaningful way the plaintiff was prevented from learning of the information forming the basis of the plaintiff's complaint, *Gardner v. City of Biddeford,* 565 A.2d 329, 330 (Me.1989), or that it is specifically factually shown that both the plaintiff and those adults who could file a claim on the plaintiff's behalf were unable to file a timely notice of the claim. *See Martin v. City of Biddeford,* 568 A.2d 1103, 1105 (Me.1990); *Langevin v. City of Biddeford,* 481 A.2d 495, 498 (Me.1984); *Faucher v. City of Auburn,* 465 A.2d 1120, 1124 (Me.1983). Minority by itself does not constitute good cause. *Martin,* 568 A.2d at 1105. In the instant case, the record is silent as to any inability on behalf of the plaintiff or his

---

4. At all times pertinent to this case, section 8107 provided:

   **1. Notice requirements for filing.** Within 180 days after any claim or cause of action permitted by this chapter accrues, or at a later time within the limits of section 8110, when a claimant shows good cause why notice could not have reasonably been filed within the 180–day limit, a claimant or a claimant's personal representative or attorney shall file a written notice containing:

   **A.** The name and address of the claimant, and the name and address of the claimant's attorney or other representative, if any;

   **B.** A concise statement of the basis of the claim, including the date, time, place and circumstances of the act, omission or occurrence complained of;

   **C.** The name and address of any governmental employee involved, if known;

   **D.** A concise statement of the nature and extent of the injury claimed to have been suffered; and

   **E.** A statement of the amount of monetary damages claimed.

   **2. Incapacity.** If the claimant is incapacitated and thereby prevented from presenting and filing the claim within the time prescribed or if the claimant is ι. minor, the claim may be presented and filed on behalf of the claimant by any relative, attorney or agent representing the claimant.

   14 M.R.S.A. § 8107(1)(A–E), (2) (1980 & Supp. 1991).

mother or his father to file a timely notice of his claim against the defendants. Nothing in the record reflects that the plaintiff was prevented from learning of the information that forms the basis of his complaint or, as in *Langevin,* that either of his parents had refused his request to file a claim against the defendants on his behalf. Accordingly, we agree with the defendants that the trial court erred in denying their motions for a summary judgment.

### III.

■ We find no merit in McNicholas's contention that the court erred in granting summary judgment to the defendants on his claim pursuant to section 1983. The law is well established that McNicholas may not seek damages against the DHS because it is not a "person" within the purview of section 1983, *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989), or against Kennebec County for injuries inflicted solely by its employees or agents. *Monell v. New York City Dep't of Social Servs,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978).

■ As to Bickford and Lamoreau, the court properly found that the facts do not support McNicholas's contention that either defendant violated McNicholas's "clearly established statutory or constitutional rights of which a reasonable person would have known." *See Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Although there may be, as McNicholas suggests, a constitutional liberty interest in family integrity, it is not absolute or free from state interference. A difficult balancing test is involved in child protection matters when there are allegations of child abuse by one of the family members; officers must balance the interests of the accused family member with the interests of the potential family victims. In such situations, governmental employees should not be "expected to determine the manner in which the law's grey areas will be clarified and defined." *See Borucki v. Ryan,* 827 F.2d 836, 838 (1st Cir.1987). Accordingly, Bickford and La-

moreau cannot be found to have violated a "clearly established" constitutional family integrity right of McNicholas. *Cf. Meyers v. Contra Costa County Dep't of Social Servs.,* 812 F.2d 1154, 1158–59 (9th Cir.) (social services workers who under law were given broad general authority to remedy problems which may result in neglect or abuse of children were entitled to qualified immunity for ordering father to stay away from home before dependency hearing), *cert. denied,* 484 U.S. 829, 108 S.Ct. 98, 98 L.Ed.2d 59 (1987).

The entry is:

Judgments denying the defendants' motions on Count I of the plaintiff's complaint vacated. Remanded to the Superior Court for the entry of a summary judgment for the defendants.

Judgments for the defendants on Count III of the plaintiff's complaint affirmed.

All concurring.