Carl M. BROWN

v.

Leuign OSIER, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs June 1, 1993.
Decided July 9, 1993.

Richard W. Elliott, Elliott & Elliott, Boothbay Harbor, for plaintiff.

Paul Steward, Asst. Atty. Gen., Augusta, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

RUDMAN, Justice.

Carl M. Brown appeals from the Superior Court (Cumberland County, *Lipez, J.*) judgment dismissing his action on the ground of *res judicata.* Finding no error, we affirm the judgment of the Superior Court.

After serving as a boiler operator for over ten years at the Governor Baxter School for the Deaf (the "School"), Brown retired at the age of 71. Brown thereafter filed a complaint with the Maine Human Rights Commission, alleging that he was forced to retire because of his age. The Commission found that no age discrimination had occurred, and dismissed the complaint. The same complaint was subsequently dismissed by the Equal Employment Opportunity Commission.

Brown then commenced the present action in the Superior Court against the following defendants: (1) the School, an agency of the State of Maine; (2) the State of Maine; (3) Louis Osier, a supervisor at the School; and (4) Richard Davis, a department head at the School. Brown's complaint, based on the due process and equal protection clauses of the federal constitution, and the Civil Rights Act, 42 U.S.C. § 1983, alleges that Brown suffered injuries and damages as a result of a wrongful suspension and forced retirement.

While the present state court case was pending, Brown filed suit against the School in the United States District Court for the District of Maine, alleging causes of action under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, and the Fair Labor Standards Act, 29 U.S.C. §§ 201–219. The federal case went to trial and resulted in a jury verdict in favor of Brown. However, the court entered a judgment notwithstanding the verdict in favor of the School on the ground that the

evidence was insufficient to support the jury's verdict. *Brown v. Governor Baxter School for the Deaf,* No. 90–0007 P (D.Me. Aug. 15, 1991). The judgment was subsequently affirmed by the United States Court of Appeals for the First Circuit. *Brown v. Governor Baxter School for the Deaf,* 960 F.2d 143 (1st Cir.1992). Following the decision of the First Circuit Court of Appeals, the defendants moved to dismiss Brown's present complaint on the ground that Brown's action was barred by the preclusive effect of the federal court judgment. The motion was granted, and this appeal followed.[1]

◼ We must first note that Brown's section 1983 claim against the State in the present case must fail because "a state is not a person within the meaning of § 1983." *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 64, 109 S.Ct. 2304, 2308, 105 L.Ed.2d 45 (1989). *See McNicholas v. Bickford,* 612 A.2d 866, 870 (Me. 1992) (Department of Human Services not a "person" within purview of section 1983). As to Brown's allegations against the State under the due process and equal protection clauses of the federal constitution, they are barred under the principles of claim preclusion discussed below.

◼ In determining the preclusive effect of a federal court judgment, federal law controls. *See Kale v. Combined Ins. Co. of America,* 924 F.2d 1161, 1164 (1st Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 69, 116 L.Ed.2d 44 (1991); *see also* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4468 (Pamph. 1993) [hereinafter 18 Wright & Miller]. Under federal law, the essential elements of *res judicata,* otherwise known as claim preclusion, are (1) a final judgment on the merits in the earlier action; (2) an identity of the cause of action in the prior action and the present action; and (3) an identity of the parties or privies in the two suits. *Kale,* 924 F.2d at 1165. The parties concede that the prior federal court decision in favor of the School is a final judgment on the merits. "Once there has been an adjudication on the merits, federal law stipulates that all claims which are 'part of the same cause of action' are extinguished, whether or not actually asserted in the original action." *Id.* at 1164 (citations omitted).

Two causes of action are said to be identical for purposes of *res judicata* "as long as the new complaint grows out of the same transaction or series of connected transactions as the old complaint." *Id.* at 1166 (citation omitted); *see* Restatement (Second) of Judgments § 24 (1982). Thus, "if the claims asserted in [Brown's federal court action and his state court action] were sufficiently related, that is, if they were founded upon the same transaction, arose out of the same nucleus of operative facts, and sought redress for essentially the same basic wrong, the two suits advanced the same cause of action notwithstanding any differences in remedies sought or theories of recovery pleaded." *Kale,* 924 F.2d at 1166. This "prevents a litigant from claim-splitting, requiring that he 'assert all his various legal theories and factually related allegations the first time he brings suit.'" *Id.* (quoting *Rose v. Town of Harwich,* 778 F.2d 77, 79 (1st Cir.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2278, 90 L.Ed.2d 720 (1986)).

◼ Brown's complaint in federal court alleged that he was suspended from employment without just cause and directly due to his age; that he was coerced into relinquishing certain employment rights; and that as a result of the School's wilful failure and refusal to continue his employment because of his age in violation of the Age Discrimination in Employment Act, and the Fair Labor Standards Act, he was owed a sum representing unpaid minimum wages and overtime compensation. Brown's complaint in the present action alleges that he was intentionally and wrongfully suspended from the School without just cause or provocation; that he was intentionally and wrongfully forced to

---

1. We reject at the outset the defendants' contention that Brown failed to preserve this issue in the Superior Court.

retire through intimidation and the threat of losing his state pension rights; and that the conduct of the defendants deprived him of the rights, privileges, and immunities secured to him by the due process and equal protection clauses of the federal constitution.

The operative facts underlying both of Brown's actions are the same, and "[t]hough dressed in somewhat different garb," Brown's claims in both actions "all sought recovery in consequence of the same occurrence: [the termination of Brown's employment]." *Kale*, 924 F.2d at 1166. "The differences [in the two actions] were differences in the theories of liability and the selection of remedies, not differences in the fundamental cause of action." *Id.* Accordingly, since the allegations in the present case arose out of the same nucleus of facts as the allegations made in the federal suit, and could have been brought in that suit, the identity of cause of action element has been satisfied.[2]

■ Turning, then, to the identity of parties requirement, the defendants must establish that they were all either a party, or in privity with a party, to the prior federal court action. The School was the only party named in Brown's prior federal suit, and therefore may invoke *res judicata* to bar Brown's present action against it. Additionally, since an instrumentality of the State (the School) actually participated in the federal action, the State may also invoke *res judicata* to bar Brown's action under the due process and equal protection clauses of the United States Constitution. *See* 18 Wright & Miller § 4451 (1981) ("[t]he most direct basis for applying preclusion against a nonparty rests on actual participation in prior litigation"). Furthermore, because "[t]he State shall have the

responsibility and expense of maintaining the school," *see* 20–A M.R.S.A. § 7503(3) (1993), the interests of the State and the School, its agent, are sufficiently close to warrant a finding that they are in privity with each other for *res judicata* purposes. *See, e.g., Arsenault v. Carrier*, 390 A.2d 1048, 1050 (Me.1978) (in determining parties or their privies, "we look beyond the nominal parties of record to the real parties in interest").

■ The individual defendants, Davis and Osier, are named in the complaint in both their official and individual capacities.[3] "Suits against employees in their official capacities are essentially suits against the government entities for which they work ... [t]herefore, in official-capacity suits, privity exists between government entities and their employees." *Gray v. Lacke*, 885 F.2d 399, 405 (7th Cir.1989) (citations omitted), *cert. denied*, 494 U.S. 1029, 110 S.Ct. 1476, 108 L.Ed.2d 613 (1990). Thus, *res judicata* bars suit against Davis and Osier in their official capacities. An action, however, brought against an individual in one capacity generally does not bar another action brought against the same individual in a different capacity. *See Roy v. City of Augusta*, 712 F.2d 1517, 1522 (1st Cir.1983) (citations omitted). Thus, "an official sued in his individual capacity is generally not considered to be in privity with the government [for purposes of *res judicata* ]." *Cohen v. Shea*, 788 F.Supp. 66, 68 (D.Mass. 1992). However, "a party cannot escape the rule of *res judicata* through expansive pleading." *Id. See Will*, 491 U.S. at 71, 109 S.Ct. at 2311.

■ In *Cohen v. Shea*, the plaintiff prevailed in his state action against the City of Haverhill for unfair treatment in his attempt to become a police officer. *Id.* at 67.

---

**2.** We note that the fact that the state court action was actually commenced prior to the federal action does not change our *res judicata* analysis. Generally, "[i]f two actions are pursued simultaneously the first judgment to be entered is entitled to res judicata effect *without* regard to the order in which the two were commenced...." 18 Wright & Miller § 4404 (1981).

**3.** Specifically, the complaint alleges that

Each and all of the acts of defendants alleged herein were done by defendants, and each of them, individually and/or as agents of the State of Maine, under the color of the statutes, ordinances, regulations, customs and usages of the State of Maine and under the authority of their positions as supervisor and department head of The Governor Baxter School for the Deaf.

While the appeal was pending, the plaintiff brought a separate action in federal district court seeking back pay under 42 U.S.C. § 1983 against the City, the police chief, the deputy police chief, and the mayor, naming the deputy and the mayor in both their official and individual capacities. *Id.* After concluding that the claims against the police chief, deputy, and mayor, in their official capacities, merged in the prior judgment against the City because they were all in privity with the sole defendant named in the prior state judgment, the City, the court held that *res judicata* precluded further suit against the deputy and mayor in their individual capacities. Although noting that "an official sued in his individual capacity is generally ... not bound by a prior adjudication in which the government was a party," *see id.* at 68, the court reasoned that "[the plaintiff] is seeking redress for acts of City officials who were acting as ultimate decision makers for the City, i.e., solely in their official roles when they denied him a job." *Id.*

Similarly, in the present case, Brown seeks redress for the acts of Davis and Osier solely in their roles as supervisors at the School, i.e., in their official capacities. Brown does not allege improper acts by Davis and Osier separate and apart from acts done in their supervisory authority. Therefore, in the circumstances of this case, Brown cannot be permitted to circumvent the sound principles of *res judicata* merely by including the word "individually" in his complaint. Having thus established all three elements of claim preclusion, the defendants' motion to dismiss was properly granted.

The entry is:

Judgment affirmed.

All concurring.