## UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

v.

## UNION MORTGAGE COMPANY, INC.

Supreme Judicial Court of Maine.

Submitted on Briefs June 7, 1995.

Decided July 12, 1995.

Brett D. Baber, Michael A. Hodgins, Rudman & Winchell, Bangor, David R. Collins, Asst. U.S. Atty., U.S. Atty's Office, Portland, for plaintiff.

Stanley Greenberg, Greenberg & Greenberg, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA and LIPEZ, JJ.

GLASSMAN, Justice.

■ Union Mortgage Company, Inc. (Union) appeals from the judgment of the District Court[1] (Augusta, *Perry, J.*) following a trial on the complaint of the United States Department of Housing and Urban Development (HUD)[2] against Union seeking a foreclosure of Union's interest in certain real property located in Randolph. Union contends that, because HUD's predecessor in interest failed to name Union as a party in interest in its original civil proceeding for the foreclosure and sale of the property, the trial court erred in denying Union's right to participate in a new foreclosure sale. We agree, and accordingly, we vacate the judgment.

---

1. 4 M.R.S.A. § 152(5)(E) and (H) (Supp.1994) grant the District Court original jurisdiction concurrent with the Superior Court and authorize the grant of equitable relief in "[a]ctions to foreclose mortgages [pursuant to 14 M.R.S.A. §§ 6321–6325 (Supp.1994)]" and "actions for the foreclosure of mortgages for real and personal property and for redemption of estates mortgaged."

2. Although RCR Services, Inc. initiated the present proceeding, because it had conveyed its interest in the property to the United States Department of Housing and Urban Development by a deed dated September 14, 1990, that Department was substituted as the plaintiff prior to the trial of this matter.

The record reveals the following undisputed facts: In January 1989, RCR Services, Inc. (RCR) initiated a foreclosure action of its recorded first mortgage in the amount of $45,153 on property for which Union held a recorded junior mortgage in the amount of $9,900 without naming Union as a party in interest in that proceeding. In January 1990, RCR obtained a judgment of foreclosure and conducted a foreclosure sale in June 1990, at which time RCR purchased the property for $80,520.26, the amount of the outstanding debt to RCR.

In February 1993, RCR filed a complaint, pursuant to 14 M.R.S.A. § 6321 (Supp.1994), alleging that RCR's mortgage was entitled to priority over Union's recorded junior mortgage and seeking to foreclose Union's interest in the property. After a trial, the District Court issued a judgment of foreclosure on August 23, 1994. From the judgment of the trial court, concluding that the action was a "reforeclosure" within the purview of 14 M.R.S.A. §§ 6321–6325 (Supp.1994), and determining that Union's interest would be adequately protected by permitting Union to redeem the property on payment to HUD of $80,520.26 within ninety days from the entry of the judgment, Union appeals.

Union contends that providing an omitted junior mortgagee in a subsequent action to foreclose its interest only with the right to redeem deprives the omitted mortgagee of the right to appear at the sale, to bid and to protect its interest. HUD responds that if a second sale were to occur Union would have to bid in excess of $80,520.26 to purchase the property. Accordingly, it argues that by providing Union the right to redeem the property on the payment to HUD of $80,-520.26, Union is provided the same protection it would have received had it been joined in the original proceeding.

We review the trial court's construction of a statutory scheme as a matter of law. *Spiller v. State,* 627 A.2d 513, 515 (Me.1993). The foreclosure by civil action provided by 14 M.R.S.A. §§ 6321–6325 as an alternative method to the foreclosure process provided in 14 M.R.S.A. §§ 6201 and 6203 (1980 & Supp.1994) (foreclosure with and without possession) is specifically subject to section 6205 (1980).[3] The statutory civil foreclosure procedure preserves two fundamental rights to a junior mortgagee: the right to redeem the property from the senior mortgagee and the right to participate in a public foreclosure sale and to receive any surplus proceeds after the senior mortgage has been satisfied.

Following a breach of a condition of a mortgage of first priority, section 6321 provides that the mortgagee may foreclose against all parties in interest and further provides:

The complaint must allege with specificity the plaintiff's claim by mortgage on such real estate, describe the mortgaged premises intelligibly ... state the amount due on the mortgage, state the condition broken and by reason of such breach demand a foreclosure and sale. Service of process on all parties in interest and all proceedings must be in accordance with the Maine Rules of Civil Procedure. "Parties in interest" include ... mortgagees ... as reflected by the indices in the registry of deeds and the documents referred to therein affecting the mortgaged premises, through the time of the recording of the complaint or the clerk's certificate. Failure to join any party in interest does not invalidate the action nor any subsequent proceedings as to those joined.

14 M.R.S.A. § 6321.

By the terms of section 6321 a sale of property that has been judicially foreclosed does not convey the premises free and clear of a recorded interest if the holder of that

3. Section 6205 (1980) provides, in pertinent part: When proceedings for the foreclosure of any prior mortgage of real estate have been instituted by any method provided by law, the owner of any subsequent mortgage of the same real estate or any part of the same real estate may, at any time before the right of redemption from such prior mortgage has expired, in writing, request the owner of such prior mortgage to assign the same and the debt thereby secured to him, upon his paying the owner of the prior mortgage, the full amount, including all interest, costs of foreclosure and such other sums as the mortgagor or person redeeming would be required to pay in order to redeem.

interest is not made a party to the action. Naming the junior mortgagee as a party in interest in a foreclosure action and serving of process provides notice of the imminent foreclosure proceedings. Once notified of the senior mortgagee's intention to foreclose against the property, the junior mortgagee has the opportunity to appear in the action and have the court determine, pursuant to section 6322 (Supp.1994), the "order of priority and those amounts, if any, that may be due to other parties that may appear." Section 6322 also provides that after a hearing, if the court determines a breach of a condition in the primary mortgage has occurred, "a judgment of foreclosure and sale shall issue providing that if the mortgagor, his successors, heirs and assigns do not pay the sum that the court adjudges to be due and payable, with interest within the period of redemption, the mortgagee shall proceed with a sale as provided." The same right of redemption is preserved to the junior mortgagee by section 6205.

On the expiration of the period of redemption, and after the mortgagee publishes notice, the mortgagee must hold a public sale, sell the property to the highest bidder, and deliver a deed of sale to the purchaser. § 6323(1) (Supp.1994). The statute specifically provides that the mortgagee and any party in interest may bid at the sale and the deed conveys the premises "free and clear of all interests of the parties in interest joined in the action." § 6323(1). In foreclosure proceedings conducted prior to January 1, 1995, there is no statutory requirement to notify the original parties in interest to the foreclosure action of the public sale.[4] Because the parties in interest were named in the action and were notified of the period for redemption, however, a party in interest had the means to determine when the public sale would occur. Knowledge of the date of the sale enables a junior mortgagee to protect its interest by attending the sale and by seeking the attendance of other potential bidders. If the property sells for more than the amount owing to the senior mortgage, "[a]fter first deducting the expenses incurred in making the sale, the mortgagee shall disburse the remaining proceeds in accordance with the provisions of the judgment." § 6324.

By RCR's failure to include Union as a party in interest to the original foreclosure action, Union's interest was not foreclosed. Accordingly, unless that interest is subsequently foreclosed, Union's junior mortgage would be elevated to the status of a senior mortgage. In such instance, "the junior mortgagee would be presented with a windfall through the mere fact of omission." *See, Note, Remedies of Junior Lienors Omitted from Prior Foreclosure,* 88 U.Pa.L.Rev. 994, 998–999 (1940) (hereinafter *Note*). Some courts have held that in these circumstances "a purchaser at a foreclosure sale of a senior mortgage to which a junior mortgagee was not a party may by proceedings de novo, to which the junior mortgagee is a party, foreclose the senior mortgage as to him." 55 Am.Jur.2d, *Mortgages* § 856 (1971). *See, e.g., Jorgensen v. Endicott Trust Co.,* 100 A.D.2d 647, 473 N.Y.S.2d 275, 276 (1984) (holding that purchaser's appropriate remedy by statute is to set aside sale or to reforeclose); *Deming Nat'l Bank v. Walraven,* 133 Ariz. 378, 380, 651 P.2d 1203, 1205 (App.1982) (holding that second foreclosure action permitted to foreclose junior lien when junior lienholder omitted by mistake from first foreclosure action); *Polster v. General Guaranty Mortgage Co.,* 180 So.2d 484, 487 (Fla.App. 1965) (holding that right to reforeclose omitted junior lien is a matter of substantive law).

Maine's civil foreclosure statute does not address the respective rights of an omitted junior mortgagee and the purchaser. We conclude that any attempt to subsequently foreclose against the junior mortgagee must preserve the junior mortgagee's right to redeem the senior mortgage *and* the right to participate in a second public sale. Thus, reforeclosure proceedings must comply with the same requirements as those provided in 14 M.R.S.A. §§ 6321–6325. Accordingly, for HUD to foreclose Union's interest, it must

---

**4.** We note that by P.L.1993, ch. 544, 14 M.R.S.A. section 6323 was amended to provide, "In foreclosures by civil action commenced on or after January 1, 1995, the mortgagee shall cause notice of the public sale to be mailed by ordinary mail to all parties who appeared in the foreclosure action or to their attorneys of record."

hold a second public sale. Because HUD is subrogated to RCR's rights as the original senior mortgagee, however, its debt will have first priority on the proceeds of any sale. 55 Am.Jur.2d at § 852.

> There is ample justification for such a practice because it does no more than provide for the omitted lienor that which was denied to him at the previous foreclosure, i.e., a sale at which he could appear and protect his interest.... Before the prior foreclosure he was subject to such a proceeding upon maturity of the senior mortgage. Since the purchaser is accorded the rights of the senior incumbrancer, there is no reason why a prior omission should bar this legitimate right.

*Note,* 88 U.Pa.L.Rev. at 1006 (1940). Accordingly, the trial court erred in providing Union the right to redeem without granting it the corollary right to participate in a second public sale.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.