1999 ME 51

**Frank DRAUS Jr.**

v.

**TOWN OF HOULTON et al.**

Supreme Judicial Court of Maine.

Submitted On Briefs March 12, 1999.

Decided April 2, 1999.

---

Frank Draus Jr., Houlton, for plaintiff.

Michael E. Saucier, Thompson & Bowie, Portland, for defendants.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1]  Frank Draus appeals from a judgment of the Superior Court (Aroostook Coun-

ty, *Pierson, J.*) granting a motion to dismiss his complaint containing various tort claims as barred by res judicata. We affirm the judgment.

[¶ 2] Draus is the owner of a business known as "Club 63 Dance & Eat" located in Houlton. Between 1989 and 1996, he featured exotic dancing at the club. In 1995 Houlton enacted an ordinance regulating exotic dancing, and Draus was granted a nude activity permit for adult entertainment at the club. In July 1996, after notice and a hearing at which Draus was represented by counsel, Houlton revoked his nude activity permit. The revocation decision gave Draus the right to reapply for a permit in six months. Draus did not appeal the decision revoking his permit to the Superior Court.

[¶ 3] Two months after the revocation, Draus filed an action in the United States District Court for the District of Maine against Houlton, the town manager and the town councilors. Draus alleged that Houlton and the town officials violated several of his constitutional rights in revoking his nude activity permit, and he sought to have the ordinance declared unconstitutional. The federal court granted summary judgment to Houlton and the town officials on the grounds of qualified immunity. *Draus v. Town of Houlton,* Civ. No. 96–232–B, slip op. at 12 (D.Me. May 22, 1997), *aff'd,* No. 97–1975, 1998 WL 153255 (1st Cir. March 31, 1998), *cert. denied* — U.S. ——, 119 S.Ct. 816, 142 L.Ed.2d 675 (1999).

[¶ 4] While the appeal of the federal action was pending before the First Circuit. Draus filed this state court action. The defendants in this action are the same defendants in the federal case. Draus claims that in enacting the ordinance and revoking his nude activity permit the town officials

breached good faith, made fraudulent and negligent misrepresentations, abused process, maliciously prosecuted him, slandered him, engaged in a conspiracy, and intentionally inflicted emotional distress.[1] Houlton and the town officials responded by filing a motion to dismiss on res judicata grounds, and the court granted the motion.

[¶ 5] We review the dismissal of a cause of action by examining the complaint in the light most favorable to the plaintiff. "We will uphold a dismissal only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Camps Newfound/Owatonna Corp. v. Town of Harrison,* 1998 ME 20, ¶ 3, 705 A.2d 1109, 1111 (quotation omitted). Whether res judicata applies is a question of law. *Blance v. Alley,* 1997 ME 125, ¶ 3, 697 A.2d 828, 829.

[¶ 6] The "claim preclusion" arm of res judicata bars the relitigation of a claim if the same parties or their privies are involved in both actions, there is a final judgment in the first action, and "the matters presented for decision in the second action were, or might have been litigated in the first action." *Camps Newfound/Owatonna Corp.,* 1998 ME 20, ¶ 11, 705 A.2d at 1113 (quotation omitted). There is no question that the first two requirements of claim preclusion have been met. The issue for discussion is whether the matters presented for decision in the state court action could have been litigated in the federal action, and if so, whether the state claims and the federal claims are so factually joined that we should require that they be litigated in the same action. The first question requires us to look at supplemental federal jurisdiction, and the second requires an analysis of whether both lawsuits presented the same cause of action .[2]

---

1. Draus was not represented by counsel in either the federal or state actions. The complaints in both actions are unartfully drafted. Because of the dismissal on res judicata grounds, the Superior Court did not have to make a determination as to whether any of the state claims actually alleged facts that would satisfy the elements of the various alleged torts.

2. These two questions may, in reality, be only one: do the federal and state actions consist of only one cause of action. They are presented

separately here because the analysis for determining whether there is federal supplemental jurisdiction is generally not presented in "cause of action" terms. The federal statute states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28

**[¶ 7]** The federal district courts have the power to determine state law claims that arise from the common nucleus of operative facts that constitute the federal law claims. *See City of Chicago v. International College of Surgeons*, 522 U.S. 156, ——, 118 S.Ct. 523, 529, 139 L.Ed.2d 525 (1997); 28 U.S.C. § 1367 (1994). It is abundantly clear here that both the state and federal suits arise out of the same nucleus of operative facts; that is, the enactment of the Houlton exotic dancing ordinance and the revocation of Draus's nude activity permit. Both actions allege that the town officials attempted to ruin Draus's business and deprive him of his livelihood. Thus, Draus could have invoked the supplemental jurisdiction of the federal court over his state law claims.[3]

**[¶ 8]** With regard to the issue of whether both the state and federal actions present the same cause of action, we utilize the "transactional test" to determine what is a cause of action for res judicata purposes. In *Beegan v. Schmidt*, 451 A.2d 642, 645 (Me.1982), we reaffirmed our commitment to the transactional test and set forth the history of our adoption of the test as well as the policy reasons for it. Under this test, the causes of action are the same if they present the same "aggregate of connected operative facts that can be handled together conveniently for purposes of trial." *Id.* (quotation omitted). In other words, the causes of action are the same "if they were founded upon the same transaction, arose out of the same nucleus of operative facts, and sought redress for essentially the same basic wrong." *Brown v. Osier*, 628 A.2d 125, 127 (Me.1993). When there is a final judgment against a plaintiff, claims the plaintiff has against the same defendant are extinguished with regard to "all or any part of the transaction, or series of connected transactions, out of which the action arose." *Beegan*, 451 A.2d at 645 (quoting Restatement (Second) of Judgments § 24(1) (1982)). In determining whether the facts arise from the same transaction or series of transactions we look at "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* (quoting Restatement (Second) of Judgments § 24(2)).

**[¶ 9]** As stated above, the facts in both the federal and state claims arise from a common nucleus. They are related in time, space, origin, and motivation; they would most conveniently be presented in the same trial; and treating them together is what the parties would expect. The only differences in the claims lie in their theories of relief and recovery. Claim preclusion, however, bars a second action where the only difference in the two suits is the theory of relief. *See Blance*, 1997 ME 125, ¶ 6, 697 A.2d at 830; *River Park, Inc. v. City of Highland Park*, 184 Ill.2d 290, 234 Ill.Dec. 783, 703 N.E.2d 883, 894–896 (1998) (dismissing state claims on res judicata grounds after plaintiff's action under 42 U.S.C. § 1983 was dismissed in federal court). Because the only difference between Draus's state and federal actions is the theory of relief, his failure to include the state claims in the federal suit bars the state suit. "A plaintiff who splits his cause of action either as to relief sought or as to theories of recovery will

---

U.S.C. § 1367(a) (1994). This portion of the statute comes from *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *Gibbs* alludes to "cause of action" but concludes that the basis for the exercise of pendent jurisdiction is the "common nucleus of operative fact" and the "claims are such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Id.* In applying section 1367 the courts look to whether there is a common nucleus of operative fact. *See City of Chicago v. International College of Surgeons*, 522 U.S. 156, ——, 118 S.Ct. 523, 530, 139 L.Ed.2d 525 (1997).

3. Draus has not made the argument that the federal court was not required to exercise its supplemental jurisdiction or that it would not have exercised supplemental jurisdiction once it dismissed the federal claims. Similar arguments, however, have met with little sympathy. *See River Park, Inc. v. City of Highland Park*, 184 Ill.2d 290, 234 Ill.Dec. 783, 703 N.E.2d 883, 896 (1998). Because Draus did not allege the state claims in his federal action, we do not know whether the federal court would have maintained jurisdiction. If the claims had been presented to the federal court and it declined to exercise supplemental jurisdiction, the case before us would be in an entirely different posture.

find that his entire cause of action has been merged into the initial judgement. The issues which should have been litigated initially cannot be litigated subsequently." *Kradoska v. Kipp,* 397 A.2d 562, 569 (Me.1979). To permit Draus to maintain his second suit would allow him to split his claim and pursue it "in a piecemeal fashion by asserting in a subsequent lawsuit other grounds of recovery for the same claim." *Id.* (quoting *Neeld v. National Hockey League,* 439 F.Supp. 446, 458 (W.D.N.Y.1977)). Therefore, the trial court did not err by holding that Draus's claims are barred.

The entry is:

Judgment affirmed.

