STATE OF MAINE                              SUPERIOR COURT
                                            CIVIL ACTION
KENNEBEC, ss.                               DOCKET NO. AP-05-52
                                            S K , -  H E N ·  5 / 9 / . · · . ·/


DARLING'S,

        Petitioner

    v.                                      **DECISION ON APPEAL**

FORD MOTOR COMPANY,

        Respondent


This matter comes before the court pursuant to M.R. Civ. P. 80C on appeal by

Darling's from a decision by the Secretary of State that Ford Motor Company did not

violate 10 M.R.S. §§ 1174(1) & 1176. Darling's also asked the court to review the Bureau

of Motor Vehicle's ("BMV") decision excluding from agency hearing 16 additional

alleged violations. Finding no abuse of discretion, error of law or findings not

supported by the evidence, the court will affirm the final decision of the Secretary of

State.

## Background

The procedural history of this appeal began with a request by Darling's - an

automobile dealership in Brewer, Maine - to the Secretary of State for a hearing before

the BMV on potential violations of 10 M.R.S. § 1171 *et seq.* by its manufacturer, Ford

Motor Company. This was not the first complaint of this type involving these two

parties, since Darling's had earlier requested a hearing on potential violations, which

hearing was conducted in June, 2000. The present hearing was requested in early 2002,

alleging 18 violations in 1999 and 23 violations in 2000. A three-day hearing on these

alleged violations was commenced on October 1, 2002. On February 13, 2003, the

Hearing Officer dismissed 16 of 25 alleged violations under the doctrine of *res judicata*

asserting that these violations should have been brought at the June 2000 hearing. In the Recommended Decision dated June 6, 2005, the Hearing Officer found that Ford did not violate 10 M.R.S. §§ 1174 or 1176. In a letter dated July 25, 2005, the Secretary of State concurred with the Hearing Officer's decision. Darling's then timely appealed pursuant to Rule 80C.

## Standard of Review

When reviewing final agency action pursuant to Rule 80C, the court reviews that decision for abuse of discretion, errors of law or findings not supported by the evidence. *Centamore v. Dep't of Human Services,* 664 A.2d 369, 370 (Me. 1995). "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider v. Bd. of Examiner's of Psychologists,* 2000 ME 206, ¶ 9, 762 A.2d 551, 555. The court's review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering v. Sup't of Insurance,* 593 A.2d 1050, 1053 (Me. 1991). The focus on appeal is not whether the court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence that supports the result reached by the agency.

## Discussion

As noted, Darling's is a Maine corporation with its principal place of business in Brewer, Maine. Darling's sells new and used motor vehicles and is a franchisee of Ford. Pursuant to 10 M.R.S. § 1176, motor vehicle manufacturers are obligated to reimburse their dealers in Maine at the dealer's "retail rate customarily charged" for parts and labor that the dealers provide at no cost to customers whose vehicles are repaired under warranty from the manufacturer. Section 1176 also requires that the manufacturers approve or disapprove dealer's reimbursement claims within 30 days of receipt and

that approved claims "must be paid within 30 days of approval." The manufacturer's disapproval of a reimbursement claim must be both timely and in writing, stating the reasons for denial.

The disputed claims fall into six categories: implied warranty procedures; battery claims; indemnifications; 180-day claims submission deadline; verification of labor rates; and tire claims. These categories will be discussed separately below.

**Implied Warranty Procedures**

Our Law Court has held that each time a manufacturer places its product into the marketplace, it creates an implied warranty, and the terms and conditions of section 1176 apply. *Darling's v. Ford Motor Co.*, 1998 ME 232, 917 A.2d 111. Apparently, Ford has set up a streamlined, electronic coding, submission and review procedure for other warranty claims, but not for the implied warranty claims. For the latter type, which is heavily fact-bound, the claim must be submitted in writing, rather than electronically, which adds to the processing time. The Hearing Officer concluded, "It is not reasonable to require Ford to have a uniform electronic checklist for implied warranty claims.", and the court agrees. Thus, there was no unfair trade practice or violation of statute.

**Battery Claims**

The issue of battery claims arises out of Ford's discovery that 70% of the batteries it was replacing within its express warranty were still good and only needed recharging. To combat this, Ford developed a battery tester which requires the dealer to input certain data which generates codes for the dealer to copy onto its reimbursement claim. There is evidence of record to support the Hearing Officer's conclusion that the claims disapproved by Ford were because Darling's initially submitted incorrect codes, generating an electronic rejection. Since the original mistake

was Darling's, the Hearing Officer's conclusion that there was no statutory violation was not in error.

**Indemnification**

Darling's indemnification claims concern two implied-warranty claims. There is substantial evidence of record with regard to one of the claims Ford was not a party, and the customer's dissatisfaction was with Darling's, not with Ford. With regard to the second claim, again there is evidence to support the Hearing Officer's findings that the problem noted by the customer did not arise from a manufacturing designer defect, Ford was not a named party and Ford settled the claim for nuisance value anyway.

**180-Day Deadline**

This issue concerns a statutory 180-day time limit for the manufacturer to reimburse the dealer for supplemental reimbursement claims. Specifically, the issue is whether the 180-day period begins when the warranty work or repair is begun or when it is completed. Here, the Hearing Officer noted that Ford is entitled to rely on the plain language in its document, which in this case requires that the submission include the date the repair order was written. However, Ford subsequently did reconsider the claims and approved them.

**Verification of Labor Rate**

The Hearing Officer also did not err as a matter of law in concluding that Ford had a right to request documentation of Darling's new labor rate to reflect what it was actually charging non-warranty customers. In any event, Ford later supplemented its initial payments at the original rate upon approval of the new rate.

**Tire Claim.**

Again, the record supports the Hearing Officer's finding that Ford did approve the claim and timely paid Darling's after it had received the documentation it needed from Darling's.

*Res Judicata*

The final issue concerns whether the Hearing Officer properly dismissed 16 of the 25 alleged violations under the doctrine of *res judicata*, in light of the hearing conducted over two years previous for issues arising during the same time period. Darling's asserts that the 16 dismissed claims are grounded in distinctly different facts than the ones heard in June 2000. On the other hand, Ford argues that it is fundamentally unfair to be forced to spend time and money defending complaints piecemeal, citing *Town of No. Berwick v. Jones*, 534 A.2d 667 (Me. 1987). Basically, Ford argues that there is no legitimate reason why Darling's could not have brought these complaints in the June 2000 hearing, and the claims involve the same series of connected transactions. Therefore, Darling's should not be allowed to split its claims in a variety of hearings.

> As stated by the Law Court:
>
> The 'claim preclusion' arm of res judicata bars the relitigation of a claim if the same parties or their privies are involved in both actions, there is a final judgment in the first action, and 'the matters presented for decision in the second action were *or might have been litigated* in the first action.

*Camps Newfound/Owatonna Corp.*, 1998 ME 20, ¶ 11, 705 A.2d at 1113 (emphasis provided). In the present case, the forum is the same, the parties are the same, and the issues are the same. In determining whether the causes of action are the same for *res judicata* purposes, a "transactional test" is used, looking at the aggregate of connected facts. *Draus v. Town of Houlton*, 1999 ME 51, ¶ 8, 726 A.2d 1257. Since the cause of

action is the same and could have been brought at the time of the June 2000 hearing, the Hearing Officer's decision to exclude the later claims was not an error of law.

For the reasons stated above, the entry will be:

The agency decision is AFFIRMED.

Dated: May___2___, 2007

_____
S. Kirk Studstrup
Justice, Superior Court

Date Filed __8/24/05__  __Kennebec__ Docket No. __AP05-52__

County

Action __Petition for Review__
80C

# J. STUDSTRUP

__Darling's__  vs. __Matthew Dunlap, Sec. of State & Ford__

| Plaintiff's Attorney | Defendant's Attorney          Motor Company |
|---|---|
| DISM- | |
| Judy A.S. Metcalf, Esq.<br>P.O. Box 9<br>Brunswick, Maine  04011 | XXXXXXXXXX AAG/MICHELLE M. ROBERT AAG<br>XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXAAG<br>6 STATE HOUSE STATION<br>AUGUSTA, ME  04333-0006<br><br>(FOR FORD MOTOR)<br>DANIEL ROSENTHAL<br>ONE PORTLAND SQUARE<br>PORTLAND, ME  04112 |

| Date of Entry | |
|---|---|
| 8/24/05 | Petition for Review, filed. s/Metcalf, Esq. |
| 8/30/05 | Certified Mail Return Receipts, filed.<br>Secretary of State served on 8/25/05<br>Attorney General served on 8/25/05<br>Ford Motor Company served on 8/25/05. |
| 09-13-05 | Entry of Appearance on behalf of Defendant Ford Motor Company by Daniel Rosenthal, Esq. |
| 09-15-05 | Entry of Appearance on behalf of the Respondent, Matthew Dunlap, Secretary of State filed 09-15-05 William H. Laubenstein, III AAG. |
| 9/21/05 | Motion for Enlargement of Time, filed. s/Laubenstein, III, Esq. |
| 9/23/05 | ORDER ON MOTION FOR ENLARGEMENT, Studstrup, J.<br>Motion granted and time enlarged to 10/21/05.<br>Copies mailed to attys of record. |
| 10/17/05 | Entry of Appearance, filed. s/Denno, AAG<br>Motion for Enlargment of Time, filed. s/Denno, Esq. |
| 10/20/05 | MOTION, Studstrup, J.<br>Motion granted. Time extended to 10/20/05. Last extension.<br>Copies mailed to attys.of record |
| 10/25/05 | Certified Record, filed. s/Denno, AAG  (in vault)<br><br>Notice of briefing schedule mailed to attys. |
| 11/7/05 | Motion to Dismiss Respondent Secretary of State as a Party, filed. s/Denno<br>Proposed Order, filed. |
| 11-22-05 | Received and filed by Respondent Attorney, Daniel Rosenthal an Unopposed Motion of Respondent Ford Motor Company for Enlargement of Time to Respond to Motion of Secretary of State to Dismiss. |
| 11-23-05 | Received and filed by Petitioners Attorney, Judy Metcalf, a Motion for Extension. |
| 11/28/05 | Memorandum in Opposition to the Motion of the Secretary of State to be Dismissed as a Party Respondent, filed. s/Morrell, Esq. |