STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: RE07-009

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS

        Plaintiff

**ORDER ON MOTION TO
DISMISS**

   v.

DONALD L. GARBRECHT
LAW LIBRARY

STATE OF MAINE
Cumberland, ss. Clerk's Office
SUPERIOR COURT

JUN 01 2007

RECEIVED

AUG 2 0 2007

JODY FLYNN

        Defendant

KEVIN and KAREN GORDON, and

INTERNAL REVENUE SERVICE

      Parties in interest

This matter comes before the Court on Kevin & Karen Gordon's motion to dismiss per M.R. Civ. P. 12(b)(6).

## BACKGROUND

Plaintiff Mortgage Electronic Registration Systems, Inc. ("MERS") is a corporation with a primary place of business in Vienna, Virginia. MERS is a nominee for Aegis Lending Corporation ("Aegis") in this case. Defendant Jody Flynn ("Flynn") resides at 90 Clinton Street in Portland, Maine. Parties-in-interest Kevin and Karen Gordon ("the Gordons") reside in Nelson, New Hampshire. Party-in-interest the Internal Revenue Service ("IRS") has a branch located in Bangor, Maine.

1

On April 26, 2005, Flynn executed a promissory note in favor of Aegis in the amount of $339,400, secured by a mortgage[1] on her Clinton Street real estate. MERS currently holds the mortgage and alleges that Flynn has been in default since August 25, 2005, having made no payments after that date. MERS notified Flynn of her default status on August 25, 2005. Also, the Gordons are parties-in-interest by virtue of a June 2005 mortgage deed[2] on the Clinton Street property and another Portland property owned by Flynn, and the IRS is a party-in-interest due to a federal tax lien[3] in the amount of $80,739.22, dated February 14, 2006.

This Court granted a judgment of foreclosure and sale on Flynn's property on March 8, 2006.[4] In August 2006, after the 90-day redemption period passed, the property was sold at auction to Aegis for $325,000, resulting in a deficiency. But, the Gordons were not parties to the prior foreclosure action and did not receive notice of the auction. The IRS also was not a party because its lien was recorded after the Clerk's certificate[5] in the prior litigation. Accordingly, MERS alleges that the IRS's rights and interest were extinguished by the sale, as were Flynn's rights.

In January 2007, MERS brought this complaint for foreclosure and sale seeking further relief against the Gordons. The Gordons now move to dismiss for failure to state a claim upon which relief can be granted, contending that this suit is barred by res judicata.

---

[1] The mortgage is recorded in the Cumberland County Registry of Deeds at Deed Book 22588, Page 327.

[2] This mortgage is recorded in the Cumberland County Registry of Deeds at Deed Book 22782, Page 5.

[3] The lien is recorded in the Cumberland County Registry of Deeds at Deed Book 23673, Page 311.

[4] *See* Docket No. RE05-158.

[5] The certificate is recorded in the Cumberland County Registry of Deeds at Deed Book 23358, Page 229.

## DISCUSSION

1. <u>Motion to Dismiss.</u>

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. The Court should dismiss a claim only "when it appears 'beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that [it] might prove in support of [its] claim.'" *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994) (quoting *Hall v. Bd. of Envtl. Protection*, 498 A.2d 260, 266 (Me. 1985)).

2. <u>Is This Claim Barred?</u>

Res judicata, also known as claim preclusion, prevents re-litigation of matters that have already been adjudicated, and it applies where "the same parties or their privies are involved in both actions, there is a final judgment in the first action, and 'the matters presented for decision in the second action were, or might have been, litigated in the first action.'" *Draus v. Town of Houlton*, 1999 ME 51, ¶ 6, 726 A.2d 1257, 1259 (*quoting Camps Newfound/Owatonna Corp. v. Town of Harrison*, 1998 ME 20, ¶ 11, 705 A.2d 1109, 1113).[6]

In a case with a similar procedural posture, the Law Court held that a "reforeclosure" was permissible where a party in interest was omitted from an initial foreclosure proceeding. *U.S. Dept. of Hous. & Urban Dev. v. Union Mortg. Co.*, 661 A.2d 163, 164 (Me. 1995). There, the Court did not address principles of res judicata; instead, it focused on the fact that the junior mortgagee's "interest was not foreclosed" simply because it was not named a party to the original foreclosure. *Id.* at 166. The Court disfavored providing the omitted mortgagee with a "windfall through the mere fact of omission" and noted that Maine's

---

[6] *Draus* was decided on a motion to dismiss. *Id.* ¶ 1, 726 A.2d at 1258.

3

statute does not address this exact situation. *Id.* (internal quotation marks omitted). Accordingly, the Court supported the "reforeclosure," but also held that any later foreclosure against a junior lienholder "must preserve the junior mortgagee's right to redeem the senior mortgage and the right to participate in a second public sale." *Id.* The Court cited a journal article explaining that there was "'ample justification for such a practice because it does no more than provide for the omitted lienor that which was denied to him at the previous foreclosure, i.e., a sale at which he could appear and protect his interest.'" *Id.* at 167 (citation omitted).

As the Law Court did not discuss principles of res judicata, this Court declines to address them. *Union Mortgage* stands for the proposition that a prior foreclosure is not a bar to a second foreclosure when another mortgagee was initially omitted, so long as that mortgagee's rights are preserved; therefore, MERS's claim will not be dismissed on that basis.

The entry is:

The Gordons' motion is denied.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: _June 1, 2007_

_____
Roland A. Cole
Justice, Superior Court

4

KEVIN AND KAREN GORDON
511 APPLE HILL ROAD
NELSON NH 03457



JOHN DOONAN ESQ
100 CUMMINGS CENTER SUITE 213C
BEVERLY MA 01915