STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO: CV07-045

PAMELA ST. JOHN

                    Plaintiff

                                                  ORDER ON
                                                  DEFENDANTS'
                                                  MOTION TO DISMISS

    v.

JEFFREY JORDAN and CITY OF                        **DONALD L. GARBRECHT**
SOUTH PORTLAND                                    **LAW LIBRARY**

                    Defendants                    **SEP 0 7 2007**


This matter comes before the Court on Defendants' motion to dismiss.

## BACKGROUND

Plaintiff Pamela St. John ("St. John") worked for the City of South

Portland ("the City") beginning in 1981. She claims that, at various times during

her employment, she worked over 40 hours per week without receiving

appropriate compensation. In March 2003, St. John and other employees notified

the City Manager, Jeffrey Jordan ("Jordan"), that they would be filing a

complaint against Lauren Carrier ("Carrier"), then the Assistant City Manager.

Eventually, the City investigated this complaint, and Carrier resigned. Before

her resignation, Carrier created a negative memorandum about St. John's job

performance. After Carrier left, St. John worked directly for Jordan until a new

human resources director was hired in September 2004, and then that director

became her supervisor. In 2005, the new director met with St. John to highlight

areas in which her job performance was deficient, which she summarized in a

memorandum. One item in the memo was a reference to Carrier's earlier memo,

1

which St. John assumed had been destroyed. She disputed the memo, and after an investigation, the City Council made findings about St. John's allegations. The Council found that most of the allegations of substandard performance were unfounded, but noted that she did not keep regular business hours or respect overtime issues.

St. John filed her first lawsuit ("St. John I") against Jordan and the City in January 2006, alleging defamation, overtime violations, violations of the Fair Labor Standards Act ("FLSA"), prompt payment, quantum meruit, unjust enrichment, and breach of contract. Upon Defendants' motion, this Court entered summary judgment in favor of Defendants on February 22, 2007.[1]

St. John filed a new complaint in January 2007 ("St. John II") seeking recovery under the Maine Whistleblower's Protection Act, 26 M.R.S.A. § 833 ("WPA"). She filed a whistleblower claim with the Maine Human Rights Commission ("MHRC") in February 2006 and later received a right to sue letter. The right to sue letter was dated November 15, 2006, prior to the expiration of the discovery period and also in advance of this Court's decision on Defendants' summary judgment motion in St. John I. Jordan and the City now move to dismiss the case, arguing that St. John should have raised this claim in her earlier suit and that this Court's order in that case forecloses the new lawsuit.

## DISCUSSION

### 1. Standard of Review.

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. The Court should dismiss a claim only "when it appears 'beyond doubt that [the] plaintiff is entitled to no

---

[1] The docket number in St. John I was CV06-52.

relief under any set of facts that [it] might prove in support of [its] claim.'"
*McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994) (quoting *Hall v. Bd. of Envtl. Protection*, 498 A.2d 260, 266 (Me. 1985)).

   2.   <u>Should St. John's Whistleblower Claim Be Dismissed?</u>

Jordan and the City argue that St. John should have included the WPA claim in her first lawsuit, and because summary judgment was entered in their favor in that case, res judicata bars her from litigating the WPA claim now. St. John contends that she was not required to bring her WPA claim in her first suit because it involves different facts. Also, she did not raise this issue in the first lawsuit because she believed that she had to file a whistleblower claim with the MHRC and await some administrative action on that claim before she could file a civil action for violation of the WPA.

Res judicata, also known as claim preclusion, prevents re-litigation of matters that have already been adjudicated, and it applies where "the same parties or their privies are involved in both actions, there is a final judgment in the first action, and 'the matters presented for decision in the second action were, or might have been, litigated in the first action.'" *Draus v. Town of Houlton*, 1999 ME 51, ¶ 6, 726 A.2d 1257, 1259 (*quoting Camps Newfound/Owatonna Corp. v. Town of Harrison*, 1998 ME 20, ¶ 11, 705 A.2d 1109, 1113). When assessing the latter prong, the Court must determine whether the prior case involved the same "cause of action." *In re Kaleb D.*, 2001 ME 55, ¶ 9, 769 A.2d 179, 184 (citations and quotations omitted). The Court utilizes a "transactional test to define a cause of action," under which "the measure of a cause of action is the aggregate of connected operative facts that can be handled together conveniently for the purposes of trial." *Id.* (citations and quotations omitted).

3

Here, the first two prongs of the test clearly are satisfied because the same parties are involved and there was a final judgment in favor of Jordan and the City in St. John I. The remaining issue is whether the WPA claim could have been litigated in St. John I, which turns on whether the same cause of action was involved. Applying the transactional test for causes of action described in *Kaleb D.*, the Court finds that the WPA claim stems from the same circumstances that led St. John to file her prior lawsuit; thus, it involves the same "aggregate of connected operative facts" and could have been efficiently handled in St. John I.

In the instant case, St. John contends that the City took retaliatory action against her because she complained about Carrier and about her alleged lack of overtime compensation, which led to an internal investigation and Carrier's resignation. She referenced almost exactly the same facts in support of her various claims in St. John I. St. John's allegations that the City retaliated against her are linked to the allegations that gave rise to her wage complaints in the first place. Although she argues that the WPA claim and those claims are distinct, the test that this Court must apply is whether the facts underlying the claims are interconnected, not whether the legal claims themselves are distinct. Her argument that St. John I involved how many hours she worked and whether she was properly compensated, but the WPA claim involves "conduct" and the "response of her employers" similarly is unpersuasive.

As Jordan and the City note, St. John could have brought all her claims in a single lawsuit and moved for a stay pending administrative action by the MHRC. Alternatively, she could have moved to amend the complaint to add the WPA claim per M.R. Civ. P. 15 once she received the right to sue letter in

4

November 2006. Because St. John II involves the same or similar operative facts as St. John I, res judicata bars this claim and it must be dismissed.

> The entry is:
>
> Defendants' motion to dismiss is GRANTED. Judgment is hereby entered for Defendants.
>
> The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: _June 29, 2007_

Robert E. Crowley
Justice, Superior Court

F COURTS
ınd County
ȝox 287
ne 04112-0287

DAVID KREISLER ESQ
PO BOX 442
PORTLAND ME 04112

_P1

F COURTS
ınd County
ȝox 287
ne 04112-0287

PETER FELMLY ESQ
PO BOX 9781
PORTLAND ME 04104

_DM