STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-10-048

ONEWEST BANK, N.A.
f/k/a ONEWEST BANK,
FSB,

      Plaintiff

v.

SONDRA M. ALLEN,

      Defendant

and

INDYMAC BANK, FSB,

      Party in interest

ORDER ON PLAINTIFF'S
MOTION TO VACATE
JUDGMENT AND
DISMISS COMPLAINT

STATE OF MAINE
Cumberland ss. Clerk's Office

APR 23 2015

RECEIVED

Before the court is plaintiff's motion to vacate a consent judgment of foreclosure and sale filed February 3, 2013. For the following reasons, the motion is denied.

Plaintiff failed to record in a timely manner the clerk's certificate of foreclosure at the outset of the action and discovered this error only recently while conducting a title examination. (See Pl.'s Mot. to Amend Complaint filed June 23, 2014; Pl.'s Mot. to Partially Set Aside Judgment filed June 23, 2014; Pl.'s Motion to Enlarge Time to Record Clerk's Certificate filed June 23, 2014; Order filed November 4, 2014); 14 M.R.S. § 6321 (2014) (providing a foreclosure plaintiff with sixty days from the commencement of a foreclosure action to record the clerk's certification of the filing of the complaint). Plaintiff determined that it "named an improper party in interest and omitted a number

of lienholders who recorded an interest in the property." (Order filed November 4, 2014.)

These omitted junior lienholders should have been added as parties in interest under the foreclosure statute. See 14 M.R.S. § 6321 ("Parties in interest includes . . . lienors and attaching creditors all as reflected by the indices in the registry of deeds and the documents referred to therein affecting the mortgaged premises, through the time of the recording of the complaint or the clerk's certificate.") As result of plaintiff's failure to join these lienholders, the liens held by them were not foreclosed and will remain on the property until subsequently foreclosed in another action.[1] See U.S. Dep't of Hous. & Urban Dev. v. Union Mortg. Co., Inc., 661 A.2d 163, 166 (Me. 1995).

Following various unsuccessful post-judgment motions, plaintiff now seeks to vacate the judgment and dismiss the complaint. Plaintiff argues it lacks the evidence necessary to demonstrate it has standing to enforce the mortgage and, consequently, the court lacks subject matter jurisdiction over the proceedings.[2] Plaintiff's current inability to establish its standing to foreclose defendant's mortgage does not adversely affect the validity of the judgment to which the parties consented in 2013. Judgments settling parties' rights to real property must "have a high degree of stability and finality." Keybank Nat. Ass'n v. Sargent, 2000 ME 153, ¶ 15, 758 A.2d 528 (affirmative defenses and counterclaims not raised in foreclosure proceedings were waived).

Plaintiff may not be left without recourse against the junior lienholders it omitted from this foreclosure action. Although the property is still subject to the liens held by

---

1 Because the "[f]ailure to join any party in interest does not invalidate the action nor any subsequent proceedings as to those joined," plaintiff has successfully foreclosed defendant's interest in the property. 14 M.R.S. § 6321 (2014).

2 Plaintiff states that it "is not at this time prepared to meet the evidentiary requirements to establish its standing to foreclose." (Pl.'s Mot. filed February 9, 2015 at 2.)

2

the omitted junior lienholders, plaintiff may attempt to bring "reforeclosure" proceedings against those parties. See Union Mortg. Co., 661 A.2d at 166-67 (citing Note, Remedies of Junior Lienors Omitted from Prior Foreclosure, 88 U. Pa. L. Rev. 994, 998-99 (1940)) (discussing reforeclosure where a junior priority mortgagee was inadvertently omitted from the original proceedings).

The entry is

> Plaintiff's Motion to Vacate Judgment and
> Dismiss Complaint is DENIED.

Dated: April 23, 2015

_____
Nancy Mills
Justice, Superior Court

Plaintiff-Shannon Merrill Esq
Defendant-Pro Se
PII-Pro Se